**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO PADRON ZEQUEIRA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 20-72356

Agency No. A201-450-940

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2021[**]
San Francisco, California

Before: TASHIMA and GRABER, Circuit Judges, and VRATIL,[***] District Judge.

Petitioner Eduardo Padron Zequeira, a citizen of Cuba, seeks review of a

decision by the Board of Immigration Appeals ("BIA") that denied Petitioner's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

request for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

1. Substantial evidence supports the agency's adverse credibility finding. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). The immigration judge ("IJ") noted that the extent of Petitioner's injuries "seem[s] to expand with each telling." Indeed, Petitioner's description of the events of November 7, 2018—the most severe interaction that Petitioner allegedly had with Cuban officials before he came to the United States—evolved. During Petitioner's credible fear interview, he stated that the police hit him in the stomach and slapped him in the face. In his asylum application, Petitioner stated that the police beat him with batons. Then, while testifying in front of the IJ, Petitioner said—for the first time—that police stood on his knees and caused pain that recurs to this day.[1] Although the omission of details cannot form the sole basis of an adverse credibility finding, *Bandari v. INS*, 227 F.3d 1160, 1166–67 (9th Cir. 2000), inconsistencies and embellishments in the basis of the asylum claim are sufficient to support an adverse credibility determination, *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Considering that Petitioner's basis for seeking asylum is persecution due to political opinion, inconsistent

---

[1] The IJ also found it implausible that petitioner could have a grown adult stand on his knee but not require medical attention.

statements about the severity of the harm that he suffered at the hands of government officials rise above the level of mere omission of detail. Petitioner's explanations—which fail to explain his omissions—do not compel a contrary result.[2]

2. Substantial evidence supports the agency's determination that Petitioner failed to present sufficient corroborating evidence to rehabilitate his testimony or independently meet his burden of proof. Petitioner provides no explanation for why he lacks medical documentation to support his claim. In his briefing, Petitioner relies on his testimony before the IJ where he stated that "[his doctor was] only able to do a certificate like as an employer because otherwise they are not able to do it." This comment does not compel us to conclude that corroborating evidence is unavailable to Petitioner. 8 U.S.C. § 1252(b)(4).

3. In his opening brief, Petitioner did not argue that the BIA erred in rejecting his claim for CAT protection. Therefore, Petitioner has forfeited that issue. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**

**PETITION FOR STAY OF REMOVAL DENIED AS MOOT.**

---

[2] The IJ also found petitioner's demeanor "evasive," a finding that Petitioner does not challenge.